JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY GHOLAR,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOSIE GASTELO, Warden,<br><br>　　　　　Respondent. | Case No. CV 16-1588 JFW (MRW)<br><br>**ORDER DISMISSING HABEAS ACTION** |

　　　The Court summarily dismisses the action without prejudice pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244 and for plainly failing to state a claim for relief under 28 U.S.C. § 2254.

　　　　　　　　　　　　　　　　* * *

　　　Petitioner is currently serving a state prison term based on his 2000 conviction for assault with a deadly weapon and other charges. Under California's Three Strikes sentencing law, the trial court augmented Petitioner's sentence to sentence of 25-years-to-life in prison based on two earlier felony robbery convictions.

1   Petitioner already sought habeas relief related to his 2000 conviction. The
2   Court denied a federal habeas petition on the merits of Petitioner's claims in 2004.
3   Gholar v. Garcia, CV 03-9267 JFW (FMO) (C.D. Cal.) (Docket # 13). The United
4   States Court of Appeals for the Ninth Circuit declined to issue a certificate of
5   appealability or other relief regarding that conviction. (Docket # 24, 26.)

6   Petitioner's current action argues that a recent state court judicial decision
7   regarding California's Three Strikes sentencing scheme (People v. Vargas, 59 Cal.
8   4th 635 (2014)) impacts Petitioner's long-concluded criminal case. The petition
9   was not accompanied by a certificate from the Ninth Circuit authorizing a
10  successive habeas action pursuant to 28 U.S.C. § 2244(b).

11  Magistrate Judge Wilner screened Petitioner's action and required Petitioner
12  to file a statement explaining why the action was properly filed. (Docket # 4.) In
13  his response, Petitioner claimed that the recent state supreme court decision is a
14  newly-discovered fact that exempts Petitioner from the successive petition rule
15  under AEDPA (discussed below) and makes his action timely. (Docket # 6 at 4.)
16  The Attorney General subsequently moved to dismiss the action as successive.[1]
17  (Docket # 18.)

18                                    * * *

---

[1] In response to the Attorney General's dismissal motion, Petitioner pointed to a cryptic statement in a state superior court decision in a recent habeas action. The state court stated that Petitioner was "not entitled to relief" under Vargas – but that the factual scenario of Petitioner's prior convictions "does afford relief" under Vargas." (Docket # 21 at 5 (emphasis added).) Petitioner contends that this statement somehow entitles him to relief from his sentence.

It is apparent – from the plain text of the order denying relief and subsequent state appellate decisions – that the superior court order contained a typographical error. Petitioner's prior convictions were not factually similar to those at issue in Vargas. Moreover, the state superior court order has no impact on the constitutional or AEDPA issues that are determinative of this matter.

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. A habeas petition is second or successive – and subject to dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been adjudicated on the merits" in the first action. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals).

The current petition challenges the sentence imposed upon him in 2000. The Court previously denied habeas relief regarding that criminal conviction. (CV 03-9267.) Petitioner failed to obtain permission from the federal appellate court to bring the present habeas action. Moreover, Petitioner failed to demonstrate that the intervening change in state sentencing law "reset" his time limitations under AEDPA or otherwise entitled him to seek additional habeas review without appellate court permission. On this basis, the current petition is subject to summary dismissal. See 28 U.S.C. § 2244(b); Burton, 549 U.S. 147; McNabb, 576 F.3d at 1029.

  Further, federal habeas relief is only warranted if a prisoner can demonstrate that the state's highest court unreasonably applied clearly established federal law. 28 U.S.C. § 2254. Petitioner's claim that the state court failed to apply <u>Vargas</u> to his case fails to state a <u>federal</u> claim upon which this Court can grant relief. The <u>Vargas</u> decision involved California's criminal sentencing scheme. A review of that opinion reveals no analysis of any federal constitutional right. Rather, the ruling addressed an issue regarding the operation of state sentencing law unrelated to any federal legal principle. That does not raise an issue cognizable on federal habeas review. <u>Christian v. Rhode</u>, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

           \* \* \*

  The current action is successive and fails to state a cause of action. The petition is subject to summary dismissal. Because the Court does not have jurisdiction to consider Petitioner's claim, the action is DISMISSED without prejudice.

  IT IS SO ORDERED.

Dated: December 12, 2016        _____
                  HON. JOHN F. WALTER
                  UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE